# EXHIBIT "A"

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:
Alessandro G. Assanti (SBN 181368)
Ashley S. Randolph (SBN 286490)
A.G. Assanti & Associates,P.C.
33 Brookline
Aliso Viejo, CA 92656
TELEPHONE NO.: (949) 540-0439 FAX NO.: (949) 540-0458
ATTORNEY FOR *(Name)*: Edgar Martinez

FOR COURT USE ONLY

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange
**11/25/2015** at 10:00:41 AM
Clerk of the Superior Court
By Giovanni Galon,Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange
STREET ADDRESS: 700 Civic Ctr Drive West, Room D-11
MAILING ADDRESS: P.O. Box 838
CITY AND ZIP CODE: Santa Ana, CA 92702
BRANCH NAME: Central

CASE NAME: MARTINEZ V. ORANGE POLICE DEPARTMENT; CITY OF ORANGE; COUNTY OF ORANGE; THE STATE OF CALIFORNIA; and DOES 1 to 50

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: 30-2015-00822094-CU-PO-CJC |
|---|---|---|
| [X] **Unlimited** (Amount demanded exceeds $25,000) [ ] **Limited** (Amount demanded is $25,000 or less) | [ ] **Counter** [ ] **Joinder** Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: Judge James J. Di Cesare DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [X] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify)*: TWO (2)
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 11/25/2015
Alessandro G. Assanti (SBN 181368)
(TYPE OR PRINT NAME)
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

2015 DEC 15 AM 10: CITY OF ORANGE CITY CLERK

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.



Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Legal Solutions Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)—Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach—Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case—Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief from Late Claim
  - Other Civil Petition

PLD-PI-001

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Alessandro G. Assanti (SBN 181368)
Ashley S. Randolph (SBN 286490)
A.G. Assanti & Associates,P.C.
33 Brookline
Aliso Viejo, CA 92656
TELEPHONE NO: (949) 540-0439 FAX NO. *(Optional):* (949) 540-0458
E-MAIL ADDRESS *(Optional):* agassanti@gmail.com
ATTORNEY FOR *(Name):* Edgar Martinez

*FOR COURT USE ONLY*

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange
**11/25/2015** at 10:00:41 AM
Clerk of the Superior Court
By Giovanni Galon,Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange
STREET ADDRESS: 700 Civic Ctr Drive West, Room D-11
MAILING ADDRESS: P.O. Box 838
CITY AND ZIP CODE: Santa Ana, CA 92702
BRANCH NAME: Central

PLAINTIFF: EDGAR MARTINEZ

DEFENDANT: ORANGE POLICE DEPARTMENT; CITY OF ORANGE; COUNTY OF ORANGE; THE STATE OF CALIFORNIA; and

[X] DOES 1 TO 50

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**
[ ] **AMENDED *(Number):***
**Type *(check all that apply):***
[ ] **MOTOR VEHICLE** [ ] **OTHER *(specify):***
[ ] **Property Damage** [ ] **Wrongful Death**
[X] **Personal Injury** [ ] **Other Damages *(specify):***

**Jurisdiction *(check all that apply):***
[ ] **ACTION IS A LIMITED CIVIL CASE**
**Amount demanded** [ ] **does not exceed $10,000**
[ ] **exceeds $10,000, but does not exceed $25,000**
[X] **ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)**
[ ] **ACTION IS RECLASSIFIED by this amended complaint**
[ ] **from limited to unlimited**
[ ] **from unlimited to limited**

CASE NUMBER:
30-2015-00822094-CU-PO-CJC
Judge James J. Di Cesare

1. **Plaintiff** *(name or names):* EDGAR MARTINEZ

   alleges causes of action against **defendant** *(name or names):* ORANGE POLICE DEPARTMENT; CITY OF ORANGE; COUNTY OF ORANGE; THE STATE OF CALIFORNIA; and DOES 1 to 50
2. This pleading, including attachments and exhibits, consists of the following number of pages:
3. Each plaintiff named above is a competent adult
   a. [ ] **except** plaintiff *(name):*
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity *(describe):*
      (3) [ ] a public entity *(describe):*
      (4) [ ] a minor [ ] an adult
         (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) [ ] other *(specify):*
      (5) [ ] other *(specify):*

   b. [ ] **except** plaintiff *(name):*
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity *(describe):*
      (3) [ ] a public entity *(describe):*
      (4) [ ] a minor [ ] an adult
         (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) [ ] other *(specify):*
      (5) [ ] other *(specify):*

[ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

| SHORT TITLE: MARTINEZ V. ORANGE POLICE DEPT., ET. AL. | CASE NUMBER: |
|---|---|

4. [ ] Plaintiff *(name):*
is doing business under the fictitious name *(specify):*

and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person
a. [X] **except** defendant *(name):* ORANGE POLICE DEPARTMENT
(1) [ ] a business organization, form unknown
(2) [ ] a corporation
(3) [ ] an unincorporated entity *(describe):*
(4) [X] a public entity *(describe):* A city police department.
(5) [ ] other *(specify):*

b. [X] **except** defendant *(name):* CITY OF ORANGE
(1) [ ] a business organization, form unknown
(2) [ ] a corporation
(3) [ ] an unincorporated entity *(describe):*
(4) [X] a public entity *(describe):* A city.
(5) [ ] other *(specify):*

c. [X] **except** defendant *(name):* COUNTY OF ORANGE
(1) [ ] a business organization, form unknown
(2) [ ] a corporation
(3) [ ] an unincorporated entity *(describe):*
(4) [X] a public entity *(describe):* A county.
(5) [ ] other *(specify):*

d. [X] **except** defendant *(name):* STATE OF CALIFORNIA
(1) [ ] a business organization, form unknown
(2) [ ] a corporation
(3) [ ] an unincorporated entity *(describe):*
(4) [X] a public entity *(describe):* A state.
(5) [ ] other *(specify):*

[ ] Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.
a. [X] Doe defendants *(specify Doe numbers):* 1 to 50 were the agents or employees of other named defendants and acted within the scope of that agency or employment.
b. [X] Doe defendants *(specify Doe numbers):* 1 to 50 are persons whose capacities are unknown to plaintiff.

7. [ ] Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

8. This court is the proper court because
a. [ ] at least one defendant now resides in its jurisdictional area.
b. [ ] the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
c. [X] injury to person or damage to personal property occurred in its jurisdictional area.
d. [ ] other *(specify):*

9. [X] Plaintiff is required to comply with a claims statute, **and**
a. [X] has complied with applicable claims statutes, **or**
b. [ ] is excused from complying because *(specify):*

PLD-PI-001

| SHORT TITLE: MARTINEZ V. ORANGE POLICE DEPT., ET. AL. | CASE NUMBER: |
|---|---|

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*
    - a. [ ] Motor Vehicle
    - b. [X] General Negligence
    - c. [X] Intentional Tort
    - d. [ ] Products Liability
    - e. [ ] Premises Liability
    - f. [X] Other *(specify):* Violaion of 42 U.S.C. section 1983

11. Plaintiff has suffered
    - a. [ ] wage loss
    - b. [ ] loss of use of property
    - c. [X] hospital and medical expenses
    - d. [X] general damage
    - e. [ ] property damage
    - f. [ ] loss of earning capacity
    - g. [ ] other damage *(specify):*

12. [ ] The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
    - a. [ ] listed in Attachment 12.
    - b. [ ] as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
    - a. (1) [X] compensatory damages
    - (2) [X] punitive damages

    The amount of damages is (*in cases for personal injury or wrongful death, you must check (1)):*
    - (1) [X] according to proof
    - (2) [ ] in the amount of: $

15. [X] The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers):*
    ALL

Date: November 25, 2015

Alessandro G. Assanti, Esq.
(TYPE OR PRINT NAME)

(SIGNATURE OF PLAINTIFF OR ATTORNEY)

PLD-PI-001(2)

| SHORT TITLE: MARTINEZ V. ORANGE POLICE DEPT., ET. AL. | CASE NUMBER: |
|---|---|

ONE (number) **CAUSE OF ACTION—General Negligence** Page 4

ATTACHMENT TO [X] Complaint [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name)*: EDGAR MARTINEZ

alleges that defendant *(name)*: ORANGE POLICE DEPARTMENT; CITY OF ORANGE; COUNTY OF ORANGE; STATE OF CALIFORNIA; and

[X] Does 1 to 50

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant negligently caused the damage to plaintiff

on *(date)*: May 28, 2015

at *(place)*: Area surrounding residences located at 1926 E. Rose Ave., Orange, CA 92867

*(description of reasons for liability)*:

Officers from the Orange Police Department responded to a call at 1926 E. Rose Ave., Orange, CA 92867.Orange Police Department officers owed a duty of care to all the residents, bystanders and individuals present at 1926 E. Rose Ave., including Plaintiff. They breached this duty of care by discharging their firearms at the Plaintiff. As a result of this negligent behavior, Plaintiff suffered multiple gunshot wounds to his person.

Plaintiff was taken to Western Medical Center in Santa Ana, CA at approximately 5:20 a.m. for injuries related to his gunshot wounds in the groin, axilla, abdomen, neck and right eyeball. His injuries included multiple facial fractures (sinus fracture and fracture to the orbital floor on the right) and a rupture on his right globe, intracranial and subarcharnoid hemorrhages, injury to his liver, fracture to his 8th rib on the right, rectal injury, and traumatic shock. Plaintiff received CT scans of the head and neck,which revealed the gunshot wounds to the right eye and a gunshot wound with bullet fragments to the neck. One bullet entered through his right eyebrow,traveled through his right eye and exited at his left upper neck located behind his left ear, causing serious damage to his right eye and hearing loss in his left ear. He also received a CT scan of his abdomen and pelvis with contrast, which showed that another bullet entered his right groin and exited the posterior anal area.Plaintiff underwent exploratory surgery to repair his liver injuries and a colostomy bag implanted on the left side. Plaintiff was intubated and kept in the ICU for a few days. Plaintiff's right eye was subsequently removed and he plans on undergoing another surgery to prevent further hearing loss in his left ear caused by the trajectory of one of the bullets.

Plaintiff can only see out of his left eye and hear out of his right ear. He also continues to require a colostomy bag due to his injuries and exhibits signs of post traumatic stress disorder and insomnia. Plaintiff's medical bills presently exceed $100,000.00 and will exceed $1,500,000.00 over his lifetime. Plaintiff has and will suffer damages for pain and suffering, emotional distress

PLD-PI-001(3)

| SHORT TITLE: MARTINEZ V. ORANGE POLICE DEPT., ET. AL. | CASE NUMBER |
|---|---|

TWO (number) **CAUSE OF ACTION—Intentional Tort** **Page** 5

ATTACHMENT TO [X] Complaint [ ] Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

IT- 1. Plaintiff *(name)*: EDGAR MARTINEZ

alleges that defendant *(name)*: ORANGE POLICE DEPARTMENT; CITY OF ORANGE; COUNTY OF ORANGE; STATE OF CALIFORNIA; and

[X] Does 1 to 50

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant intentionally caused the damage to plaintiff

on *(date)*: May 28, 2015

at *(place)*: Area surrounding residences located at 1926 E. Rose Ave., Orange, CA 92867

*(description of reasons for liability)*:

Officers from the Orange Police Department responded to a call at 1926 E. Rose Ave., Orange, CA 92867. Plaintiff was fired at intentionally, wilfully and maliciously by approximately five (5) officers and received multiple gunshot wounds as a result.

Plaintiff was taken to Western Medical Center in Santa Ana, CA at approximately 5:20 a.m. for injuries related to his gunshot wounds in the groin, axilla, abdomen, neck and right eyeball. His injuries included multiple facial fractures (sinus fracture and fracture to the orbital floor on the right) and a rupture on his right globe, intracranial and subarcharnoid hemorrhages, injury to his liver, fracture to his 8th rib on the right, rectal injury, and traumatic shock. Plaintiff received CT scans of the head and neck,which revealed the gunshot wounds to the right eye and a gunshot wound with bullet fragments to the neck. One bullet entered through his right eyebrow,traveled through his right eye and exited at his left upper neck located behind his left ear, causing serious damage to his right eye and hearing loss in his left ear. He also received a CT scan of his abdomen and pelvis with contrast, which showed that another bullet entered his right groin and exited the posterior anal area.
Plaintiff underwent exploratory surgery to repair his liver injuries and a colostomy bag implanted on the left side. Plaintiff was intubated and kept in the ICU for a few days. Plaintiff's right eye was subsequently removed and he plans on undergoing another surgery to prevent further hearing loss in his left ear caused by the trajectory of one of the bullets.

Plaintiff can only see out of his left eye and hear out of his right ear. He also continues to require a colostomy bag due to his injuries and exhibits signs of post traumatic stress disorder and insomnia. Plaintiff's medical bills presently exceed $100,000.00 and will exceed $1,500,000.00 over his lifetime. Plaintiff has and will suffer damages for pain and suffering, emotional distress, and extreme frustration as a result of the actions herein stated.

## THIRD CAUSE OF ACTION

**(Violation of 42 U.S.C. 1983 Against Orange Police Department)**

Plaintiff EDGAR MARTINEZ alleges:

1. Plaintiff Edgar Martinez (hereinafter referred to as "Plaintiff") is an individual who resides in the city of Orange, California, County of Orange. The subject incident that serves as the basis for this Complaint also occurred in Orange, California.
2. This Complaint alleges that the civil rights of Plaintiff were violated by the actions of Orange Police Department officers, the names of which are presently unknown to Plaintiff, on May 28, 2015, the details of which are provided below.
3. Jurisdiction is invoked pursuant to Article VI, Clause 2 of the United States Constitution, 28 U.S.C. §1343(a)(3) , 42 U.S.C. §1983, and California Code of Civil Procedure §52.1.
4. On May 28, 2015, Plaintiff was involved in a shooting with Orange Police Department officers who responded to a call at 1926 E. Rose Ave., Orange, CA 92867. Plaintiff sustained gunshot wounds to the groin, axilla, abdomen, neck and right eye. His injuries included multiple facial fractures, a rupture to his right globe, intracranial and subarcharnoid hemorrhages, injury to his liver, fracture to his 8th rib on the right, rectal injury, and traumatic shock. He was taken to Western Medical Center in Santa Ana, California, for his injuries at approximately 5:20 a.m. and subsequently arrested. He is presently housed at the Theo Lacy Jail medical unit.
5. Officials from the Orange Police Department violated Plaintiff's Fourth and Fourteenth Amendment Rights by using unwarranted and excessive force, falsely detaining him, falsely arresting him and falsely imprisoning him on May 28, 2015.
6. Officials from the Orange Police Department also violated Plaintiff's Fourth and Fourteenth Amendment Rights on May 28, 2015 by failing to adequately train, supervise, and discipline its officers so that Plaintiff could be free from harm.

///

///

///

Wherefore, Plaintiff prays for judgment against Defendants:

1. For compensatory damages for Plaintiff's medical bills, pain and suffering, and emotional distress, anguish and extreme frustration;
2. For punitive damages;
3. For prejudgment interest at the legal rate;
4. For costs of suit incurred herein and;
5. For attorney's fees for the suit herein according to proof; and
6. For such other and further relief as the court may deem just and proper.

Dated: November 25, 2015

A.G. ASSANTI & ASSOCIATE, P.C.

Alessandro G. Assanti, Esq.
Ashley S. Randolph, Esq.
Attorneys for Plaintiff Edgar Martinez

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF ORANGE**

# ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**NOTICE TO PLAINTIFF(S) AND/OR CROSS-COMPLAINANT(S):**

**Rule 3.221(c) of the California Rules of Court requires you to serve a copy of the ADR Information Package along with the complaint and/or cross-complaint.**

California Rules of Court – Rule 3.221
Information about Alternative Dispute Resolution (ADR)

(a) Each court shall make available to the plaintiff, at the time of filing of the complaint, an ADR Information Package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes.

(2) Information about the ADR programs available in that court, including citations to any applicable local court rules and directions for contacting any court staff responsible for providing parties with assistance regarding ADR.

(3) Information about the availability of local dispute resolution programs funded under the Dispute Resolutions Program Act (DRPA), in counties that are participating in the DRPA. This information may take the form of a list of the applicable programs or directions for contacting the county's DRPA coordinator.

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) A court may make the ADR Information Package available on its Web site as long as paper copies are also made available in the clerk's office.

(c) The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action along with the cross-complaint.

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF ORANGE

## ADR Information

**Introduction.**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts and others offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. ADR is usually less formal, less expensive, and less time-consuming than a trial. ADR can also give people more opportunity to determine when and how their dispute will be resolved.

**BENEFITS OF ADR.**

Using ADR may have a variety of benefits, depending on the type of ADR process used and the circumstances of the particular case. Some potential benefits of ADR are summarized below.

**Save Time.** A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

**Save Money.** When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, experts' fees, and other litigation expenses.

**Increase Control Over the Process and the Outcome.** In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

**Preserve Relationships.** ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

**Increase Satisfaction.** In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

**Improve Attorney-Client Relationships.** Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

**DISADVANTAGES OF ADR.**

ADR may not be suitable for every dispute.

**Loss of protections.** If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

**Less discovery.** There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

**Additional costs.** The neutral may charge a fee for his or her services. If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

**Effect of delays if the dispute is not resolved.** Lawsuits must be brought within specified periods of time, known as statues of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

**TYPES OF ADR IN CIVIL CASES.**

The most commonly used ADR processes are arbitration, mediation, neutral evaluation and settlement conferences.

**Arbitration.** In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

> **Cases for Which Arbitration May Be Appropriate.** Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

> **Cases for Which Arbitration May <u>Not</u> Be Appropriate.** If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Mediation.** In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

> **Cases for Which Mediation May Be Appropriate.** Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

> **Cases for Which Mediation May <u>Not</u> Be Appropriate.** Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Neutral Evaluation.** In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is

often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate.** Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May Not Be Appropriate.** Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences.** Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

**ADDITIONAL INFORMATION.**

In addition to mediation, arbitration, neutral evaluation, and settlement conferences, there are other types of ADR, including conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

To locate a dispute resolution program or neutral in your community:
- Contact the California Department of Consumer Affairs, Consumer Information Center, toll free, 1-800-852-5210
- Contact the Orange County Bar Association at (949) 440-6700
- Look in the telephone directories under "Arbitrators" or "Mediators"

Free mediation services are provided under the Orange County Dispute Resolution Program Act (DRPA) For information regarding DRPA, contact:
- Community Service Programs, Inc. (949) 250-4058
- Orange County Human Relations (714) 480-6572

For information on the Superior Court of California, County of Orange court ordered arbitration program, refer to Local Rule 360.

The Orange County Superior Court offers programs for Civil Mediation and Early Neutral Evaluation (ENE). For the Civil Mediation program, mediators on the Court's panel have agreed to accept a fee of $300 for up to the first two hours of a mediation session. For the ENE program, members of the Court's panel have agreed to accept a fee of $300 for up to three hours of an ENE session. Additional information on the Orange County Superior Court Civil Mediation and Early Neutral Evaluation (ENE) programs is available on the Court's website at www.occourts.org.

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name & Address)*:<br><br>Telephone No.: Fax No. (Optional):<br>E-Mail Address (Optional):<br>ATTORNEY FOR *(Name)*: Bar No: | *FOR COURT USE ONLY* |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**<br>JUSTICE CENTER:<br>☐ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701-4045<br>☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512<br>☐ Harbor – Newport Beach Facility – 4601 Jamboree Rd., Newport Beach, CA 92660-2595<br>☐ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500 | |
| PLAINTIFF/PETITIONER:<br><br>DEFENDANT/RESPONDENT: | |
| **ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION** | CASE NUMBER: |

Plaintiff(s)/Petitioner(s), ______________________________

______________________________

and defendant(s)/respondent(s), ______________________________

______________________________

agree to the following dispute resolution process:

☐ Mediation

☐ Arbitration (must specify code)
  ☐ Under section 1141.11 of the Code of Civil Procedure
  ☐ Under section 1280 of the Code of Civil Procedure

☐ Neutral Case Evaluation

The ADR process must be completed no later than 90 days after the date of this Stipulation or the date the case was referred, whichever is sooner.

☐ I have an *Order on Court Fee Waiver* (FW-003) on file, and the selected ADR Neutral(s) are eligible to provide pro bono services.

☐ The ADR Neutral Selection and Party List is attached to this Stipulation.

We understand that there may be a charge for services provided by neutrals. We understand that participating in an ADR process does not extend the time periods specified in California Rules of Court rule 3.720 et seq.

Date: ________________ ______________________________ ______________________________
(SIGNATURE OF PLAINTIFF OR ATTORNEY) (SIGNATURE OF PLAINTIFF OR ATTORNEY)

Date: ________________ ______________________________ ______________________________
(SIGNATURE OF DEFENDANT OR ATTORNEY) (SIGNATURE OF DEFENDANT OR ATTORNEY)