# Exhibit "C"

PUBLIC ENTITY FILING

ELECTRONICALLY FILED
Superior Court of California, County of Orange
12/16/2015 at 12:33:00 PM
Clerk of the Superior Court
By Davon Velasquez, Deputy Clerk

WAYNE W. WINTHERS, CITY ATTY. #134659
DENAH H. HOARD, ASSIST. CITY ATTY. #175316
CITY OF ORANGE
300 East Chapman Avenue
Orange, California 92866
(714) 744-5580

FEE EXEMPT PER GC §6103

Attorneys for Defendant CITY OF ORANGE, (erroneously also sued as ORANGE POLICE DEPARTMENT)

SUPERIOR COURT FOR THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF ORANGE

CENTRAL JUSTICE CENTER

| | |
|---|---|
| EDGAR MARTINEZ,<br><br>Plaintiff,<br><br>v.<br><br>ORANGE POLICE DEPARTMENT; CITY OF ORANGE; COUNTY OF ORANGE; THE STATE OF CALIFORNIA and DOES 1 through 50,<br><br>Defendants, | CASE NO.: 30-2015-00822094<br><br>**Assigned for All Purposes to:**<br>HON. JAMES J. Di CESARE<br>Dept. C-16<br><br>**CITY OF ORANGE ANSWER TO COMPLAINT**<br><br>COMPLAINT FILED: November 25, 2015<br>TRIAL DATE: None set |

**COMES NOW**, Defendant CITY OF ORANGE (erroneously also sued as ORANGE POLICE DEPARTMENT) to answer the unverified complaint for general negligence, intentional tort, and violation of 42 U.S.C. 1983 (civil rights) of Edgar Martinez, as follows:

Under and pursuant to the provisions of Section 431.30 of the Code of Civil Procedure of the State of California, this answering Defendant, in answer to all causes of action of the complaint, and the whole thereof, deny each and every, all and singular, of the allegations contained therein; and further expressly deny that as a proximate result of any act or omission on the part of this answering Defendant, that the Complainant is entitled to any injunctive or declaratory relief, in any manner whatsoever, or at all.

PUBLIC ENTITY FILING

**FIRST AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION**

As an affirmative defense, Defendant alleges that each cause of action contained in the complaint fails to state facts sufficient to constitute a cause of action.

**SECOND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION**

As an affirmative defense, Defendant alleges that the acts, actions and conduct of Plaintiff directly and proximately caused Plaintiff's injuries and/or damages, if any. Therefore, Plaintiff is not entitled to damages or any other relief from Defendant.

**THIRD AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION**

As an affirmative defense, Defendant alleges that the conduct, misconduct and/or negligence of Plaintiff caused and contributed to any alleged damages which may have been sustained by Plaintiff, and by reason thereof, Plaintiff should be barred from recovery, or in the alternative, should have any recovery diminished by the amount or percentage that said conduct, misconduct or negligence caused or contributed to the alleged damages, should they be proven.

**FOURTH AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION**

As an affirmative defense, Defendant alleges that any and all events and happenings, injuries and damages, if any, alleged in the complaint were proximately caused and contributed to by Plaintiff in that Plaintiff assumed all risks and hazards by engaging in the course and conduct that resulted in Plaintiff's injuries, if any.

**FIFTH AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION**

As an affirmative defense, Defendant alleges that Defendant is not liable for the damages, if any, alleged in the complaint by reason of the provisions of Government Code Section 815.2(a) and (b), in that a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability.

**SIXTH AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION**

As an affirmative defense, Defendant alleges that Defendant was justified in taking any and all actions with regard to the Plaintiff in as much as Defendant had a good faith belief that reasonable and

PUBLIC ENTITY FILING

probable cause existed to believe that violations of the California Penal Code were occurring, or had occurred, at all times relevant hereto.

**SEVENTH AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION**

As an affirmative defense Defendant alleges that any force used against Plaintiff was only the amount of force reasonably believed to be necessary to protect the Defendant from wrongful injury, and was therefore, justified pursuant to Civil Code Section 50.

**EIGHTH AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION**

As an affirmative defense, Defendant alleges that a public entity and its employees, officers and agents are not responsible for injury or damage resulting from an act or omission that was a result of the exercise of discretion vested in such officer, employee or agent, whether or not such discretion was abused pursuant to the provisions of Government Code Sections 820.2 and 815.2.

**NINTH AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION**

As an affirmative defense, Defendant alleges that a public entity and its employees, officers and agents are immune from tort liability for law enforcement activities while exercising due care pursuant to the provisions of Government Code Section 820.4 and Section 815.2.

**TENTH AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION**

As an affirmative defense, Defendant alleges that a public entity and the employees, officers and agents of Defendant is immune from tort liability because all force, if any, used by Defendant against Plaintiff was in self-defense or in defense of others.

**ELEVENTH AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION**

As an affirmative defense, Defendant alleges that at all times material hereto Defendant acted in good faith and are entitled to the qualified immunity.

**TWELFTH AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION**

As an affirmative defense, Defendant alleges that at all times material hereto Defendant acted in good faith and is entitled absolute immunity as a defense to actions brought as civil rights violations under 42 U.S.C. Section 1983.

PUBLIC ENTITY FILING

**THIRTEENTH AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION**

As an affirmative defense, Defendant alleges that if wrongful action did take place, that it was not pursuant to custom, policy or usage of the public entity.

**FOURTEENTH AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION**

As an affirmative defense, Defendant Orange Police Department alleges that it is not a legal entity rather simply a Department of the City of Orange and therefore cannot be sued individually.

**FIFTEENTH AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION**

The acts or omissions relating to the subject matter of this lawsuit were those of Defendant's public employees acting within the scope of their employment, exercising due care in the execution of enforcement of law; and each Defendant is immune under Government Code §§815, 815.2 and 820.4; and Penal Code §§835(a), 836 and 836.5.

**SIXTEENTH AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION**

As an affirmative defense, Defendant alleges that the facts contained in Plaintiff's complaint were not adequately presented to Defendant in Plaintiff's claim, if any, therefore this action is barred.

**WHEREFORE**, Defendant prays that Complainant takes nothing by way of his complaint and be denied any injunctive or declaratory relief, that said Defendant be dismissed with costs herein incurred and for such other and further relief as the Court deems just and proper.

Dated: December 16, 2015

CITY OF ORANGE
Wayne W. Winthers, City Attorney

By: [signature]
Denah H. Hoard, Assistant City Attorney
Attorney for Defendant, CITY OF ORANGE

**PROOF OF SERVICE**
**COUNTY OF ORANGE, STATE OF CALIFORNIA**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 300 East Chapman Avenue, Orange, California 92866.

On December 16, 2015, I served the foregoing document described as: **CITY OF ORANGE ANSWER TO COMPLAINT** on all interested parties.

[ ] by placing the true copies thereof enclosed in sealed envelopes addressed as stated in the attached mailing list.

[x] by placing [ ] the original [x] a true copy thereof enclosed in sealed envelopes addressed as follows:

Alessandro G. Assanti, Esq.
Ashley S. Randolph, Esq.
A.G. Assanti & Associates, P.C.
33 Brookline
Aliso Viejo, CA 92656

Attorneys for Plaintiffs

[ X ] BY MAIL

[ ] I deposited such envelope in the mail at Orange, California. The envelope was mailed with postage therein fully prepaid.

[ X ] I am "readily familiar" with the office's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Orange, California.

[ ] FACSIMILE TRANSMISSION

[ ] I caused a facsimile machine transmission from the following facsimile machine telephone number: (714) 538-7157 to the facsimile number: ________________.

[ ] PERSONAL SERVICE - I delivered such envelope by hand to the offices of the addressee.

Executed on December 16, 2015, at Orange, California.

[X] (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

[ ] (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Sharon M. Kirkland